### H. H. Shufeldt v. Charles W. Searing.

1. EVIDENCE—*Dangerous Explosives.*—The fact that in a chemical laboratory, under conditions there imposed, dust can be made to explode, does not establish that it is explosive or dangerous when floating in the open air under ordinary conditions.

2. SAME—*Chemical Experiments.*—A narration of chemical experiments by a chemist in his laboratory to determine the explosive character

of dust, is perhaps admissible to show such character, although such evidence is to be received with extreme caution and is apt to mislead the jury; but a chemist not having been shown to have had any experience with the same kind of dust outside of his laboratory should not be permitted to testify that if fire came in contact with it an explosion would occur.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. GEORGE F. BLANKE, Judge, presiding. Heard in this court at the March term, 1895. Reversed and remanded. Opinion filed June 24, 1895.

## STATEMENT OF THE CASE.

This is an action to recover damages for personal injuries to Charles W. Searing, sustained by him on the 3d day of June, 1891, at the Shufeldt Distillery, No. 23 Larrabee street, Chicago, Illinois, resulting from an alleged explosion of mill dust, which appellant had, it is claimed, allowed to accumulate in the dry-feed room. The alleged negligence upon which plaintiff relied for a recovery, is that set up in the additional count of the declaration, which avers, "that on said day there was on the second floor of said building and distillery a room called the dry-feed room, which defendant had carelessly and negligently built in the same building where plaintiff was engaged to do work as an employe of defendant; and defendant filled the same with dry feed and dust, well knowing that said dry feed and dust was of a highly combustible and explosive character, and extremely dangerous; and carelessly and negligently left the same exposed to fire; that plaintiff did not know of the dangerous condition of said building and premises, and in the exercise of ordinary care could not have ascertained the fact; and the defendant well knowing that said building and premises were dangerous, carelessly and negligently failed to warn plaintiff of the danger," etc.

The defendant is a distiller of alcohol and spirits, and for the purpose of utilizing the remains of the grain after the alcohol is extracted from it, such remains are dried and then called "dry feed." The process by which this was done was by passing the refuse or ground grain coming from the still

into a press for the purpose of pressing out the water. It was then placed in large cylinders, each of which had a hole or pipe through the center, through which heat was drawn by means of a fan or suction, and dried. While the wet feed was being rolled around this hot pipe in the revolving hollow cylinders it formed into " balls of glutinous matter and fine bran-like substance." From the cylinder the feed was passed through a roller mill where the balls containing the mill dust were pulverized; from thence it was carried to the top of the dry feed bin, which was from thirty to fifty feet deep, and spouted into the bin, in a stream four inches in diameter.

There were twenty-four windows in the sides of the top of this bin, some of which were open at the time of the explosion. A locomotive engine drawing a train passed within fifteen feet of the bin about ten minutes before the explosion occurred. Appellee's theory is, that a spark or cinder from this locomotive blew in at one of these windows and fell upon the dry feed in the bin; that this feed ignited and the fire smoldered and smoked for a few minutes, after which a flame leaped up, igniting the dust which hung in the atmosphere above the feed in the bin, and the explosion was the result.

Appellee was a stationary engineer, and his duties were to run the engine located on the ground floor of the building, and to see to the oiling of certain boxes or journals on the second floor of the building.

Appellee had just relieved the night engineer about seven o'clock in the morning, and was on his rounds with the oiler for the purpose of oiling the machinery on the second floor of the building. He smelled what he thought was a hot journal, and inspected all of the journals, but found them in good order. After he had inspected the last journal (which was some two feet from the east end of the dry-feed room), and was returning west along the south side of the bin, the sides of the bin flew out and blew him over against the south wall of the building between the dryers, a distance of twelve feet; a second puff occurred and

knocked him to his knees.   He crawled through the flames to the top of the stairway and fell down the stair steps.

The jury found defendant guilty and assessed plaintiff's damages at $15,000.

Judgment was entered against the defendant for $7,500, and it is to reverse this judgment that appellant prosecutes this appeal.

HERRICK, ALLEN & BOYESEN, attorneys for appellant.

JOHN F. WATERS, attorney for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The allegation of negligence is that the defendant filled a certain bin with dry feed and dust, well knowing that said dry feed and dust was of a highly combustible and explosive character, and extremely dangerous; and carelessly and negligently left the same exposed to fire.

There is no evidence that the defendant or any other person knew or had any information from which he had notice that said dry feed and dust was of an explosive or dangerous character, while the preponderance of the evidence given on behalf of the plaintiff as well as on behalf of the defendant is that such feed and dust is not ordinarily either explosive or dangerous.

If the injury to the plaintiff was caused by an explosion of dust such as was in this bin, it is the first explosion of the kind which, according to the evidence in this case, is known to have occurred.

That in a chemical laboratory under conditions there imposed, dust can be made to explode, does not establish that it is explosive or dangerous when floating in the open air under ordinary conditions.

The evidence shows that prior to the bursting out of the sides of the bin—the explosion, as it is, perhaps properly termed, the odor of fire had been perceived by the plaintiff and one other person, and that search was being made to

ascertain from what cause this proceeded.   In the face of this, the mere theory that a spark from a passing locomotive went into a window of the feed bin, set the feed on fire and caused an explosion of dust arising therefrom, is not sufficiently tenable to sustain the judgment rendered in this case.

A narration of the experiments in his chemical laboratory carried on by plaintiff's witness was perhaps admissible, although such evidence is to be received with extreme caution and is apt to mislead a jury; but the witness never having, so far as appears, had any experience with dust of this kind outside of his laboratory, should not have been permitted to testify that if fire came in contact with this stuff an explosion would occur.

The statement was a general one, which the jury would receive as applicable to the facts of this case; whereas, the witness had had neither experience nor observation of the contact of fire with dust in a bin, under the conditions described by plaintiff's witnesses.

The judgment of the Superior Court is reversed and the cause remanded.